IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JERRY LEE LEWIS,** | ) | |
| **No. B20581,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-01100-SMY** |
| | ) | |
| **ROBERT D. BURNS,** | ) | |
| **CORPORAL STRATTEN,** | ) | |
| **DARLENE BLUDWORTH,** | ) | |
| **SGT. KERSTEN,** | ) | |
| **R. TELLOR,** | ) | |
| **JESSICA TELLOR, and** | ) | |
| **MIKULAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jerry Lee Lewis, a convicted inmate in the Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff Lewis, proceeding *pro se*, has filed a rudimentary civil complaint, which is construed as alleging that Jackson County Jail officials have retaliated against Plaintiff for filing another suit, possibly *Lewis v. Burns*, Case No. 14-cv-01086-SMY (S.D. Ill. Oct. 6, 2014). More specifically, it is alleged that Sgt. Darlene Bludworth moved an inmate into Plaintiff's cell for the specific purpose of physically harming Plaintiff. Although Plaintiff was not actually harmed, before Plaintiff was moved out of the cell his cellmate threatened to kill Plaintiff while in jail and/or harm Plaintiff and his family once the cellmate was released from custody. Plaintiff seeks protection for himelf and his family.

## Discussion

There is a distinct possibility that Plaintiff did not intend to file a new lawsuit, but instead meant to amend his complaint in *Lewis v. Burns*, Case No. 14-cv-01086-SMY. As explained recently in that case, a second action may be entirely appropriate for asserting claims of retaliation that are separate and distinct from the principal claims in Case No. 14-cv-01086-SMY, which relate

to the conditions of confinement in the Jackson County Jail.  In any event, for the following reasons the complaint in this case fails to state a claim upon which relief can be granted and must be dismissed.  Dismissal will be without prejudice and Plaintiff will be given an opportunity to amend his complaint.

Sheriff Robert D. Burns, Corporal Statten, Sgt. Kersten, R. Tellor, Jessica Tellor and Mikulas are named as defendants, but they are not mentioned in the narrative of the complaint. Merely naming a defendant in the caption is insufficient to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The complaint generally states a colorable claim that Sgt. Bludworth retaliated against Plaintiff for his litigation activity, in violation of the First Amendment.  *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir.2012) (listing the elements of a First Amendment retaliation claim); *see also Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir. 2005) (suing a prison official is activity protected under the First Amendment).  A related Eighth Amendment claim has also been stated relative to Bludworth endangering Plaintiff's health and safety.  *See Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002) (prison officials have a duty to protect prisoners "from violence at the hands of other inmates.").  Nevertheless, *only* injunctive relief— physical protection—is sought, and that remedy is now moot; the complaint states that Plaintiff has been separated from his cellmate.  Insofar as the cellmate threatened to harm Plaintiff after they were released from prison, affirmative injunctive relief against the defendant Jail officials cannot extend to when Plaintiff is released from jail.  Relative to the threats against Plaintiff's family, they are not parties to this action and, therefore, cannot be granted any relief in this case. For these reasons, any incorporated motion for injunctive relief (Doc. 2) will de denied.

Given the possible confusion between this case and Case No. 14-cv-01086-SMY, Plaintiff will be given an opportunity to file an amended complaint, or take other action.  In deciding how to proceed in both cases, Plaintiff should keep in mind that unrelated claims against different defendants belong in separate lawsuits, which require separate filing fees.  *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED without prejudice** and all Defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **December 5, 2014**, Plaintiff Lewis shall file and amended complaint. Failure to file an amended complaint will likely result in the dismissal of this action with prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief (Doc. 2) is **DENIED as moot**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 10, 2014**

s/ STACI M. YANDLE
**United States District Judge**